DECISION JUDGMENT ENTRY
{¶ 1} Defendant-appellant, Matthew M. Friar, appeals the October 31, 2002 judgment entry of the Huron County Court of Common Pleas that found appellant guilty of theft of a motor vehicle and theft and sentenced him to respective 17 and 11 month sentences, to be served consecutively. Appellant presents the following assignment of error:
 {¶ 2} "The trial court erred to the prejudice of the Defendant-Appellant when it sentenced him to consecutive prison terms for two non-violent property offenses, both of which arose from a single course of conduct, where the combined sentences exceeded the maximum possible term for the more serious offense."
 {¶ 3} A recitation of the relevant facts is as follows. On July 22, 2002, an indictment was filed against appellant charging him with one count of theft of a motor vehicle, a fourth degree felony, and theft in excess of $500, a fifth degree felony. The charges stemmed from the June 23, 2002 theft of a 1998 Dodge pick-up truck which contained $752 and personal property. Appellant and two other individuals took the truck from a high school graduation party. The truck was later recovered from the bottom of the Norwalk Reservoir.
 {¶ 4} On July 23, 2002, appellant entered a not guilty plea. Thereafter, on September 10, 2002, pursuant to a plea agreement whereby the state agreed it would not recommend consecutive sentences, appellant withdrew his not guilty plea and entered a plea of guilty as to both counts. A presentence investigation was ordered and the sentencing hearing was scheduled for October 23, 2002.
 {¶ 5} At the sentencing hearing, the state and defense counsel made arguments, one of the victims spoke, and appellant spoke. The court then sentenced appellant to consecutive sentences of 17 and 11 months and ordered restitution. This appeal followed
 {¶ 6} In his sole assignment of error, appellant contends that the trial court erred by ordering that the sentences be served consecutively. Appellant argues that the court erred in finding the offenses to be "more serious," under R.C. 2929.12(B) and (C), because of the physical and economic harm suffered by the victims.
 {¶ 7} Specifically, appellant contends that the victim's unsworn allegation was insufficient to establish physical harm. The victim stated that because her medication was in the stolen pick-up truck and she missed a dose or doses, her multiple sclerosis destabilized causing her pain and difficulty walking. Further, appellant disputes the trial court's conclusion that "more serious" economic harm resulted.
 {¶ 8} According to R.C. 2953.08(G), this court may not disturb the trial court's sentence unless we find, by clear and convincing evidence, that the record in this case does not support the sentence imposed or that the sentence is otherwise contrary to law. "Clear and convincing evidence" is that degree of proof which is sufficient to establish in the mind of the trier of fact a "firm belief or conviction as to the facts sought to be established." Cross v. Ledford (1954), 161 Ohio St. 469, paragraph three of the syllabus.
 {¶ 9} When imposing consecutive sentences, the trial court must find, under R.C. 2929.14(E)(4), "that the consecutive service is necessary to protect the public from future crime or to punish the offender and that consecutive sentences are not disproportionate to the seriousness of the offender's conduct and to the danger the offender poses to the public, * * *" The court must also find one of the following:
 {¶ 10} "(a) The offender committed one or more of the multiple offenses while the offender was awaiting trial or sentencing, was under a sanction imposed pursuant to section 2929.16, 2929.17, or 2929.18 of the Revised Code, or was under post-release control for a prior offense.
 {¶ 11} "(b) At least two of the multiple offenses were committed as part of one or more courses of conduct, and the harm caused by two or more of the multiple offenses was so great or unusual that no single prison term for any of the offenses committed as part of any of the courses of conduct adequately reflects the seriousness of the offender's conduct.
 {¶ 12} "(c) The offender's history of criminal conduct demonstrates that consecutive sentences are necessary to protect the public from future crime by the offender."
 {¶ 13} The court is also required to specify, at the sentencing hearing, the reasons supporting such findings. R.C. 2929.19(B)(2)(c);State v. Comer, 99 Ohio St.3d 463, 2003-Ohio-4165, paragraph one of the syllabus.
 {¶ 14} At the October 23, 2002 sentencing hearing, under the R.C.2929.12 seriousness and recidivism factors, the court found that one of the victims in the case suffered serious physical harm and economic harm. The court found no R.C. 2929.12(C), less serious, factors. The court further noted that, under R.C. 2929.12(D), recidivism is more likely because the offense was committed while appellant was on post-release control and that appellant has an extensive criminal history including a prior prison term.
 {¶ 15} As to the imposition of consecutive sentences, the court found:
 {¶ 16} "First of all, the Court finds that they are necessary to protect the public and to punish the defendant.
 {¶ 17} "Secondly, they are not disproportionate to the conduct of the defendant or the danger, and especially the danger the defendant poses to society by the fact that of the great likelihood that he would commit additional crimes if released too early.
 {¶ 18} "The court also finds that these crimes were committed while the defendant was under a post-release control sanction. Factors that the Court has given consideration to in imposing consecutive sentences in addition to those just stated are the fact that for a 22-year old man, the defendant has an extensive criminal record as an adult, and as a juvenile. That when the defendant was released on post-release control, and placed under supervision, he did not comply in any way with the supervision, and in fact, went out in a short period of time, reoffended, and committed additional felonies.
 {¶ 19} "Also, I find that the offense that was committed intentionally or unintentionally had a substantial impact on the victim in this case."
 {¶ 20} After careful review of the sentencing hearing transcript, presentence investigation report and victim impact statements, we conclude that the trial court made all of the required findings and clearly articulated reasons in support of each one at the sentencing hearing. The appellant, at the sentencing hearing, acknowledged how much "pain and stuff" he caused the victim. The victim spoke as to her physical pain and provided the court with documentation. Regarding economic damage as being "more serious" in this case, we note that stolen vehicles are typically not recovered from the bottom of a reservoir.
 {¶ 21} Based on the foregoing, we find that the court's findings are supported by the record. Appellant's assignment of error is not well-taken.
 {¶ 22} On consideration whereof, we find that appellant was not prejudiced or prevented from having a fair trial and the judgment of the Huron County Court of Common Pleas is affirmed. Costs of this appeal are assessed to appellant.
 JUDGMENT AFFIRMED. Peter M. Handwork, P.J., Mark L. Pietrykowski, J., Arlene Singer, J., CONCUR.